Matthew M. Levy, J.
This is a motion for the appointment of the petitioner (the plaintiff’s stepfather) as the guardian ■ad litem of the plaintiff, an adult, for the purpose of prosecuting this action. The suit was commenced by the plaintiff, and her attorneys herein are the attorneys who present this application on behalf of the petitioner. The mother of the plaintiff joins in the petition.
Tire plaintiff, who is still hospitalized, is in an unconscious ■state as the result of ian automobile ¡accident. Her physician avers that the plaintiff 11 is presently in a coma vigil which may last for weeks, months or even longer ’ ’. It clearly appears that she has a prima facie cause of action, but is unable personally to prosecute it.
The defendant objects to the appointment of a guardian ad litem, and urges that proceedings must be had for the appointment of a committee for the plaintiff, citing Sengstack v. Sengstack (4 N Y 2d 502) and quoting from page 509 as follows:
‘ ‘ There is a method under article 81 of the Civil Practice Act for officially establishing incompetency and unless and until that is done the courts should not have to decide case by case whether a particular party is of sufficient mentality to be a suitor or defendant.”
However, it is important to note that the opinion of the Court of Appeals continues (pp. 509-510):
“This same position appears to be taken by the courts of other jurisdictions. It does not mean that the courts shut their eyes to the special need of protection of a litigant actually incompetent but not yet judicially declared such. There is a duty on the courts to protect such litigants [citation omitted]. * * *
“ It is easy to suggest that the court here should have insisted that a committee be appointed. However, since under section 207 of the Civil Practice Act there is no absolute legal bar against the prosecution of such a suit by plaintiff herself as an unadjudged incompetent the question as to how best to protect her interests was ione of discretion for the lotoer courts (Emphasis added.)
In Sengstack, the court appointed a special guardian to make an investigation and report to the court as to what steps should be taken to protect plaintiff’s interest. That intermediate appointment is, 1 think, unnecessary at this time in the instant case. I am of the opinion that the plaintiff’s interest presently will best be served by the appointment of a guardian ad litem. *582 And I do not find that the CPLR precludes me from acting upon this finding.
I recognize that CPLR 1201 states that a ‘ ‘ person shall appear by a guardian ad litem if he is * * * an adult defendant incapable of adequately protecting his rights ” (emphasis supplied) and that there is no similar provision in the statute in respect of an adult plaintiff. And, in McKinney’s Consolidated Laws of New York (Book 7B, CPLR 1202, p. 496) the following is found, under the heading “ Legislative Studies and Reports ”, referring to the Second Report of the Advisory Committee on Practice and Procedure to the Legislature (N. Y. Legis. Doc., 1958, No. 13, p. 372): “ Par. 2 [of subd. (a)] permits a motion to be made by a friend of the defendant for the appointment of a guardian ad litem for a defendant who is incapable of adequately protecting his rights but who is not an infant or a person judicially declared incompetent.” (Emphasis supplied.)
Since the CPLR provision and the legislative comment speak in terms of the defendant and since the motion under consideration involves a plaintiff, the question naturally arises whether che court may appoint the guardian ad litem.
It is my conclusion that there is no prohibition involved, and that the direction of CPLR 1201, as quoted above, states only what is required in the case of a defendant, but does not, by negative implication, prevent such appointment in the situation where it is a plaintiff who is incapable of protecting his rights.
Support for this view is found in Weinstein, Korn and Miller (N. Y. Civ. Prac., vol. 2, par. 1201.05, entitled “Who may appear: nonjudicially declared incompetent ”). It is there stated:
‘ ‘ Under prior practice * * * the court could at any stage of the proceedings appoint a special guardian for the nonjudicially declared incompetent, regardless of whether he was the plaintiff or the defendant.” (Note 27 reads: “ C. P. A., § 207. That this section extended to nonjudicially declared incompetents was only recently clarified. See, e.g., Sengstack v. Sengstack, 4 N. Y. 2d 502 ***.”)***
“ CPLR 1201 does not by its terms provide for the protection of a nonjudicially declared incompetent who is the plaintiff in an action. But the prior practice of appointing guardians ad litem to protect the interests of such plaintiffs should be continued under the CPLR through the inherent power of the court to appoint a guardian ad litem at any stage of the proceedings. ’ ’
That is provided for in the express language of CPLR 1202, governing the “ Appointment of guardian ad litem ”, as follows: “ (a) By whom motion made. The court in which an action is *583 triable, may appoint a guardian ad litem at any stage in the action upon its own initiative or upon the motion of: * * #
“ 2. a relative, friend or a guardian or committee of the property ”.
That power, statutorily expressed, is inherent in the court, and the 1958 Report to the Legislature heretofore quoted — apparently indicating that this power is limited to the case of a nonjudicially declared incompetent defendant unable to protect his interests in the action — does not seem to have the sanction of leading commentators on the new statute. Since it is readily seen that the Court of Appeals in Sengstach based its conclusion— that the appointment of a guardian of a plaintiff was within the court’s discretion — on section 207 of the Civil Practice Act, and since there “is no absolute legal bar against the prosecution of such a suit by plaintiff herself as an unadjudged incompetent” (4 N Y 2d 502, 510), the following comments of such authors are significant: “ CPLR 1202 (a) consolidates the scattered provisions relating to appointment of a guardian ad litem that appeared in sections 202, 203, 207 and 208 of the Civil Practice Act and rule 39 of the Rules of Civil Practice. It applies to all guardians ad litem. * * * The [nonjudicially declared incompetent], if a defendant, must always be represented by a guardian ad litem by the terms of CPLR 1201 and, if a plaintiff, would be so represented by virtue of prior case law which remains unimpaired, even though he is not without legal capacity to appear by attorney.”
And in a relevant footnote: “ The opening phrase of CPLR 1202(a), which emphasizes the court’s power to appoint a guardian ad litem at any stage in the proceedings, was derived from sections 207 and 208 of the Civil Practice Act without any change being intended in the construction of section 207 authorizing a court to appoint a guardian ad litem for a plaintiff incapable of adequately protecting his rights.” (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1202.01.)
After the footnote, the writers go on to say: “ Though the Revisors’ Notes are silent on the point, it would seem that the procedures of CPLR 1202 should also apply for appointment of the guardian ad litem when one is appointed for such a nonjudicially declared incompetent plaintiff.”
The motion is granted.