Arnold L. Fein, J.
This is an application for an order pursuant to subdivision (a) of section 77.07 of the Mental Hygiene Law, appointing petitioner as conservator of the property of his mother, Mary Dery.
The proposed conservatee is presently confined at Bird S. Coler Hospital. The medical proof submitted upon the application shows that she is 74 years of age and is suffering from organic brain syndrome, postbilateral hip fracture, compression fracture of thoracic spine T8 and T12, arteriosclerotic heart disease, and paralysis of lower extremities. It is further stated that she is confused, disoriented and responds only to her name. The condition, it is stated, is chronic and will not improve.
It appears that Mrs. Dery was involved in an automobile accident on September 27, 1974, when she was struck while crossing the intersection at First Avenue at 34th Street, New York City. She was removed to Bellevue Hospital, where she remained until December 31, 1974. Since the latter date, she has been confined at Bird S. Coler Hospital. Although it does not appear whether an action for personal injuries has been commenced, it is alleged that the insurance carrier for the operator of the vehicle has offered $14,500 in settlement under its $15,000 liability policy.
*417 Subdivision (a) of section 77.01 of the Mental Hygiene Law provides for the appointment of a conservator of the property "for a resident who has not been judicially declared incompetent and who * * * has suffered substantial impairment of his ability to care for his property”. It appears that Mary Dery suffers such impairment and consequently is unable to care for her own property and interests.
However, such determination does not mandate the appointment of a conservator. The papers submitted in support of the application state that Mrs. Dery has no property other than the cause of action for personal injuries. A conservator is appointed to manage the property of a person incapable of managing his affairs. Section 77.01 and subdivision (c) of section 77.03 of the Mental Hygiene Law refer to a conservator of "property” and "income and assets”. Although a chose in action is clearly a property right and an asset, there is no clear necessity shown for the appointment of a conservator (Mental Hygiene Law, § 77.03, subd [b], par [2]). If Mrs. Dery has no property other than the cause of action for the injuries sustained in the accident the application for the appointment of a conservator is premature. The appropriate procedure is the appointment of a guardian ad litem to prosecute or settle her action subject to court approval. (Matter of Lugo, 8 AD2d 877.)
It is now settled that the court has inherent power to appoint a guardian ad litem at any stage of any action where the record presented requires court intervention to protect the party’s interests, even though an adjudication of incompetency has not been made. (Matter of Lugo, supra; Leibowitz v Hunter, 45 Misc 2d 580; Anonymous v Anonymous, 3 AD2d 590.) CPLR 1201 specifically provides for the appointment of a guardian ad litem for "an adult incapable of adequately prosecuting or defending his rights”. As in Lugo (supra) and Leibowitz (supra), Mrs. Dery appears to have a valid cause of action, but is unable to prosecute it personally. Accordingly, the appointment of a guardian is necessary.
In the event the cause of action is settled it will be necessary to obtain court approval of the settlement by way of compromise order pursuant to CPLR 1207 and CPLR 1208. It will be time enough then to determine whether a conservator is to be appointed to receive, manage and conserve the proceeds for the use and benefit of the proposed conservatee.
*418 Accordingly, the application is granted only to the following extent:
(1) Upon submission of the proper papers in compliance with CPLR 1202, together with an appropriate affidavit of a psychiatrist as to the condition of the proposed conservatee, Mary Dery, the court will appoint petitioner Walter Stane as guardian ad litem with the usual powers.
(2) The application of the previously appointed guardian ad litem for approval of his fee for services in connection with this application is denied without prejudice to renewal upon the application for compromise of the cause of action of Mary Dery.